## NATHAN NORRIS *v.* W. C. AIMES.

**Trespass on Land.**
> Where neither the plaintiff nor the defendant, in a proceeding wherein the plaintiff charges the defendant with trespass on land, has any ownership or control over such land, neither is entitled to prosecute the other for trespass.

APPEAL FROM CUMBERLAND CIRCUIT COURT.

September 10, 1885.

OPINION BY JUDGE PRYOR:

We perceive no reason for disturbing the judgment below.

The testimony of the defendant, Nathan Norris, conduces to show that he was not the owner of this land and never had any interest other than a mere ideal claim existing without title or boundary. The land purchased by Norris of Roach is embraced by a deed containing a well defined boundary. The land claim that is now contended should have been embraced by the deed, was a claim without a boundary to it, and according to the statement of Norris, was purposely omitted from the deed made to him by Roach. This land upon which the trespass was committeed was uninclosed land and belonged to neither the plaintiff nor Norris at the time Norris purchased of Roach.

The plaintiff having obtained a patent invested himself with title and his claim and possession prior to that time was as certain and fixed as that by Norris. Neither had such a possession or title as would have enabled them to maintain trespass, and when appellee obtained the title to the land adjoining his, he was invested at once with such a possession as made those who entered upon it without his consent trespassers.

Judgment *affirmed.*
*Scott Walker,* for *appellant.*
*Jno. G. Craddock, R. F. Spencer,* for *appellee.*

